**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

PATRICE CHASE; RONALD G. CHASE,
Plaintiffs-Appellees,

v.

SIDNEY FRANK IMPORTING COMPANY,

No. 97-1407

INCORPORATED; ALL-STATE
PROMOTIONS, INCORPORATED; SIDNEY
E. FRANK,
Defendants-Appellants.

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
David C. Norton, District Judge.
(CA-96-1756-2-18)

Argued: October 1, 1997

Decided: January 8, 1998

Before HAMILTON and WILLIAMS, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion. Judge Hamilton wrote
a concurring opinion.

_____

**COUNSEL**

**ARGUED:** Henrietta Urbani Golding, BELLAMY, RUTENBERG,
COPELAND, EPPS, GRAVELY & BOWERS, P.A., Myrtle Beach,
South Carolina, for Appellants. Jay T. Gouldon, STONEY & GOUL-

DON, Charleston, South Carolina, for Appellees. **ON BRIEF:** Richard S.W. Stoney, STONEY & GOULDON, Charleston, South Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Sidney Frank Importing Company, Incorporated (Sidney Frank) appeals the district court's decision to deny its motion to compel arbitration. We find that Sidney Frank's appeal is premature and remand the case to the district court to determine the enforceability of the arbitration agreement.

I

Patrice Chase brought suit against Sidney Frank for assault and battery, for violation of South Carolina statutory law, for civil conspiracy, including conspiracy for wrongful termination and for various other claims. Sidney Frank made a motion to compel arbitration of Chase's claims in the United States District Court for the District of South Carolina. Chase opposed the motion claiming that she was fraudulently induced into signing the arbitration clause. She claims that Beth Brillos, her immediate supervisor, advised her that the arbitration clause only protected the company from suits brought by employees who alleged that they were sexually harassed by customers at company promotions. Brillos did not tell Chase that the clause covered all claims an employee might have against the company.

Further, Chase alleges that Brillos fraudulently induced her into back-dating the arbitration clause to July 5, 1995. Chase contends she agreed to the arbitration clause on July 14, 1995, the day she was fired. Chase believes Brillos requested the back dating so that the

2

clause would appear to have been agreed to before the company decided to terminate her employment.

The district court denied the motion stating:

> There is not sufficient evidence before this court to determine whether Defendants fraudulently induced Patrice to agree to the arbitration clause. Accordingly, this court will not presently compel arbitration of Patrice's wrongful termination claim but rather will withhold making a final determination pending further factual findings.

Sidney Frank appealed the district court's determination to this court. Chase counters that this appeal is premature since the district court has not made a determination on the validity of the arbitration clause.

II

Before a motion to compel arbitration can be granted, the district court must first determine whether a valid arbitration clause exists. When a party asserts fraud in the inducement of the arbitration clause itself, the court must determine whether or not the clause is valid and enforceable. Moseley v. Electronic & Missile Facilities, Inc., 374 U.S. 167 (1963); Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 (1967). If the clause is not enforceable there is no right to arbitration.

Once the district court makes this determination this court can hear an appeal of that decision in certain circumstances. Section 16 of the Federal Arbitration Act governs the appealability of arbitration orders. It authorizes an immediate appeal from an order refusing a stay of litigation pending arbitration or an order denying a motion to compel arbitration. 9 U.S.C.A. § 16(a)(1)(A), (B), (C) (West Supp. 1997); see American Cas. Co. of Reading, Pennsylvania v. L-J, Inc., 35 F.3d 133, 135 (4th Cir. 1994).

III

This case, however, is not yet ripe for an appeal under section 16. For the case to be appealable under section 16, the district court must

3

first decide whether the arbitration clause is enforceable. Once the district court reaches a decision, that decision can be appealed. The district court has not determined the enforceability of the arbitration clause. The court explicitly stated that it needed more information before reaching its decision. It has not precluded this case from ultimately reaching arbitration, it has only delayed it until it can make a determination on the validity of the arbitration agreement. Until the district court makes this determination, we hold that this appeal is premature.

IV

The case must be remanded to the district court for determination of the validity of the arbitration agreement. Having held this appeal to be premature, we do not reach any of the other issues in the case.

DISMISSED

HAMILTON, Circuit Judge, concurring specially:

I concur in the court's opinion. I write separately only to note that should the district court determine that Sidney Frank did not fraudulently induce Chase into agreeing to the arbitration clause itself, Chase's claim that Sidney Frank fraudulently induced her into entering into the employment agreement as a whole, a claim not specifically discussed by the district court, would be subject to arbitration if the district court determined that it fell within the scope of the arbitration clause. See Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967); Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 813-14 (4th Cir. 1989).

4